UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOSE DANIEL CASTILLO-ANTONIO,

Plaintiff,

v.

CONSUELO MEJIA,

Defendant.

Case No. 14-cv-03637-JSC

**ORDER GRANTING LEAVE TO AMEND COMPLAINT**

Re: Dkt. No. 13

Plaintiff Jose Daniel Castillo-Antonio brings this action alleging that a business in Richmond, California is operating with access barriers in violation of his civil rights under the Americans with Disabilities Act and California state law.  (*See* Dkt. No. 1.)  Presently before the Court is Plaintiff's motion for leave to amend the complaint to add a defendant:  3316 Cutting, LLC, the owner of the real property where the business is located.  (Dkt. No. 13.)  The Court finds this matter is appropriate for disposition without oral argument and is deemed submitted.  *See* N.D. Civ. L. R. 7-1(b).  Accordingly, the hearing set for January 8, 2015, is VACATED.  Having carefully considered the Plaintiff's papers, and especially in light of the procedural posture of this case, the Court hereby GRANTS Plaintiff's motion for leave to amend.

Plaintiff, a physically disabled person who uses a wheelchair, commenced this action on August 11, 2014.  (*See* Dkt. No. 1 ¶ 4.)  The gravamen of Plaintiff's complaint is that C&C Bakery, a place of public accommodation, has failed to provide wheelchair-accessible entrances or wheelchair-friendly facilities.  (*Id.* ¶¶ 4-5.)  Plaintiff initially brought suit against Consuelo Mejia, the owner of C&C Bakery and lessee of the property where the store is located, and Ross Spangler, whom Plaintiff believed to be the property owner.  (*Id.* ¶¶ 3-4.)

Plaintiff properly served Defendant Mejia, but she did not answer within the time

prescribed by the Federal Rules of Civil Procedure, so the Clerk of Court entered her default on October 16, 2014.  (Dkt. No. 10.)  As for Spangler, according to Plaintiff's counsel, Plaintiff believed Spangler was the owner of the property because Mejia had written the wrong address over the front door of the business.  (Dkt. No. 13-1 ¶ 1.)  Specifically, the business is located on the corner of Cutting and Carlson Boulevards, and the number "436" is listed over the store's front door, which faces Carlson Boulevard.  (*Id.*)  Given that 436 Carlson Boulevard is consistent with addresses of adjacent properties, Plaintiff believed that to be the address of the business and Spangler its owner.  (*Id.*)  Plaintiff's counsel explains that when he learned that "436" was listed in error, he inquired further and then discovered the property's true address—3316 Cutting Boulevard—and its actual owner—3316 Cutting, LLC.  (*Id.*)  Accordingly, on November 19, 2014, Plaintiff voluntarily dismissed Defendant Ross Spangler from this case (*see* Dkt. No. 12) and now seeks leave to amend the complaint to add 3316 Cutting, LLC as a defendant (Dkt. No. 13).

Federal Rule of Civil Procedure 15(a) states that a court has discretion to allow a party to amend its pleading at any time, and that leave to amend should be "freely given when justice so requires."  The Ninth Circuit has interpreted this rule to mandate that leave to amend is "to be applied with extreme liberality."  *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (citations omitted).  This liberal standard applies even when the proposed amendment seeks to add a new party to the action.  *See DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987).  The court has discretion to deny a motion for leave to amend, but must provide justification for the denial based on the four grounds commonly used to determine the propriety of a motion for leave to amend:  bad faith, delay, prejudice, or futility.  *Foman v. Davis*, 371 U.S. 178, 182 (1962).  Above all, in exercising its discretion, the court "must be guided by the underlying purpose of Rule 15—to facilitate decision on the merits, rather than on the pleadings or technicalities."  *Eminence Capital*, 316 F.3d at 1051-52.

Here, the Court will exercise its discretion to allow Plaintiff to amend the complaint to add 3316 Cutting, LLC as a defendant as none of the four grounds for denying leave to amend is present.  First, while leave to amend may be denied where the amendment is introduced in bad

2

faith—*i.e.*, to cause a delay in proceedings or for some other improper purpose—*see Foman*, 371 U.S. at 182, there is no indication of such a motive on Plaintiff's part.  The amendment sought would add the true owner of the property, whose identity Plaintiff only recently discovered, and who is clearly relevant to this litigation.  These circumstances present no reason to believe that the amendment is brought in bad faith.  *See Abels v. JBC Legal Grp., PC*, 229 F.R.D. 152, 156 (N.D. Cal. 2005) (finding no bad faith when the plaintiff had a satisfactory explanation for the delay in discovering the true owner of the property at issue).

Second, the instant motion for leave to amend is timely.  Plaintiff commenced this action only three months ago.  No defendant has filed an appearance to date, and discovery has yet to begin.  Thus, there is no undue delay in Plaintiff's amendment.  *See id.* (finding no undue delay where plaintiff "acted quickly once identifying [the true owner] and discovery [was] not yet complete").  Third, and relatedly, there is no prejudice to defendants in allowing the amendment, let alone the "substantial" prejudice that would justify denial of leave to amend.  *See Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990).  Other courts have found prejudice when the amendment comes on the eve or close of discovery, *Solomon v. N. Am. Life & Cas. Ins. Co.*, 151 F.3d 1132, 1139 (9th Cir. 1998); when there have been multiple prior efforts to amend, *Mir v. Fosburg*, 646 F.2d 342, 347 (9th Cir. 1980); or when the amendment would destroy diversity and strip the court of jurisdiction.  *DCD Programs*, 833 F.2d at 187.  No such concerns are present here, as this litigation began recently, no defendant has stated an appearance, and there are no deadlines that would shift as a result of the amendment.

Finally, there is no indication that the amendment would be clearly futile.  In any event, the newly added defendant will be afforded an opportunity to challenge the amended pleading once it is filed.

United States District Court
Northern District of California

3

1
2
3
4
5
6
7
8
9
10
11
12

United States District Court
Northern District of California

13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

For the foregoing reasons, the Court GRANTS Plaintiff's motion for leave to amend the complaint to add 3316 Cutting, LLC as a defendant.  Plaintiff shall file the First Amended Complaint lodged with Plaintiff's motion (Dkt. No. 13-3) and the Clerk shall add 3316 Cutting, LLC as a defendant on the docket.  Plaintiff shall serve the amended complaint on 3316 Cutting, LLC in accordance with the Federal Rules of Civil Procedure and the Local Rules of Court.

**IT IS SO ORDERED**.

Dated:  November 26, 2014

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge